■ The People of the State of New York, Respondent, v Joseph Filippone, Appellant. [706 NYS2d 41] —Judgment, Supreme Court, New York County (Felice Shea, J.), rendered September 25, 1998, convicting defendant, after a jury trial, of sexual abuse in the first degree, and sentencing him to a term of 1 year, and order, same court and Justice, entered on or about August 19, 1999, which denied defendant's motion made pursuant to CPL 440.10 (1) (g) to vacate the judgment, unanimously affirmed. The matter is remitted to Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

The verdict was not against the weight of the evidence. Defendant's claim that the victim's testimony was inconsistent and undermined by plausible defense testimony raises issues of credibility that were properly placed before the jury, and we find no reason to disturb its determination (*see, People v Gaimari*, 176 NY 84, 94).

The motion to vacate the judgment on the ground of newly discovered evidence (CPL 440.10 [1] [g]) was properly denied. Contrary to defendant's assertion, a notation in a medical record made one year after the incident does not establish that the victim gave an account of the incident that was at odds with the testimony she gave at trial. This medical record fails to establish the source of the statement at issue, and thus cannot be attributed to the victim. Even if we were to consider defendant's argument, made for the first time on appeal, that this statement is inferentially attributable to the victim when read in context of another record, we would find that the records, read together, fail to support such an inference. We conclude that none of the medical records relied upon by defendant create a probability of a different verdict.

We have considered and rejected defendant's remaining claims. Concur—Rosenberger, J. P., Ellerin, Wallach, Lerner and Andrias, JJ.